Case No. 23-50541

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

Michelle Evans,
Plaintiff – Appellant

v.

Jose Garza, in his official capacity as
Travis County District Attorney,
Defendant – Appellee

On Appeal from the United States District Court
for the Western District of Texas
Civil Action No. 1:23-CV-727

# APPELLANT'S REPLY BRIEF

Tony K. McDonald
State Bar No. 24083477
Connor L. Ellington
State Bar No. 24128592
tony@tonymcdonald.com
The Law Offices of Tony McDonald
1501 Leander Dr., Suite B-2
Leander, TX 78641

Counsel for Plaintiff-Appellant

***ORAL ARGUMENT REQUESTED***

# Table of Contents

**TABLE OF CONTENTS** ...................................................................................ii

**INTRODUCTION** ........................................................................................1

**ARGUMENT** ................................................................................................2

    I.    EVANS SEEKS TO ENJOIN GARZA'S ENFORCEMENT OF TEX. PEN. CODE § 21.15(B)(2)-(3) WITH REGARD TO HER FUTURE SPEECH ................2

    II.   GARZA'S ENFORCEMENT OF § 21.15(B)(2)-(3) IS THE SOURCE OF THE HARM TO EVANS' RIGHTS .............................................................................3

    III.  THE DISTRICT COURT'S RELIANCE ON LONG-REJECTED FEDERALISM RATIONALES DOES NOT JUSTIFY ITS DECISION. ...............................5

    IV.  TEX. PEN. CODE § 21.15(B)(2)-(3) IS PRESUMPTIVELY UNCONSTITUTIONAL ................................................................................. 6

    V.   GARZA FAILS TO DEFEND SECTION 21.15(B)(2)-(3) ..........................8

    VI.  THIS COURT SHOULD RENDER A PRELIMINARY INJUNCTION .............10

**CONCLUSION AND PRAYER FOR RELIEF** ..................................... 11

**CERTIFICATE OF SERVICE** .........................................................................12

**CERTIFICATE OF COMPLIANCE** ....................................................13

# Table of Authorities

**Cases**

*Canal Auth. v. Callaway*,
　489 F.2d 567  (5th Cir. 1974) ................................................................ 2

*Elrod v. Burns*,
　427 U.S. 347 (1976) .............................................................................. 2

*Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*,
　762 F.2d 464 (5th Cir. 1985) ................................................................ 2

*Ex parte Thompson*,
　442 S.W.3d 325 (Tex. Crim. App. 2014) .............................................. 8

*Ex parte Young*,
　209 U. S. 123 (1908) ............................................................................ 5

*Ingebretsen v. Jackson Pub. Sch. Dist.*,
　88 F.3d 274 (5th Cir. 1996) .................................................................. 2

*McCullen v. Coakley*,
　573 U.S. 464 (2014) .............................................................................. 6

*McDonald v. Longley,*
　4 F.4th 229 (5th Cir. 2021) ................................................................. 10

*Mississippi Power & Light Co. v. United Gas Pipe Line Co.*,
　760 F.2d 618 (5th Cir. 1985) ................................................................ 2

*Ne. Fla. Chapter of the Assoc. of Gen. Contractors v. City of Jacksonville*,
　896 F.2d 1283 (11th Cir. 1990) ............................................................ 3

*Reed v. Town of Gilbert,*
　576 U.S. 155 (2014) .............................................................................. 6

*Susan B. Anthony List v. Driehaus*,
　814 F.3d 466 (6th Cir. 2016) ................................................................ 6

*United States v. Playboy Entm't Grp.*,
 529 U.S. 803 (2000) ............................................................................ 6, 9

*Walters v. Reno*,
 145 F.3d 1032 (9th Cir.1998) ................................................................. 3

*Whole Woman's Health v. Jackson*,
 142 S. Ct. 522 (2021) ............................................................................. 5

**Statutes**

TEX. PEN. CODE § 21.15(b)(1) ................................................................... 7, 9

TEX. PEN. CODE § 21.15(b)(2) ............................................................... *passim*

TEX. PEN. CODE § 21.15(b)(3) ............................................................... *passim*

TEX. PEN. CODE § 21.16 ................................................................................ 9

**Other Authorities**

J. Harrison, Ex Parte *Young*, 60 Stan. L. Rev. 989 (2008) ........................... 5

## Introduction

Like the trial court, District Attorney Garza seems willfully blind to half of this case. This is not just a case about stopping his investigation of a tweet of an innocuous photograph of a politician washing his hands (although Garza fails to justify why he thinks such a tweet continues to merit criminal investigation and potential prosecution). Through his actions, Garza is also threatening to enforce Tex. Pen. Code § 21.15(b)(2)-(3) against Michelle Evans' future publications of the innocuous photograph. Michelle Evans reasonably fears prosecution if she further publishes the innocuous photograph.

Garza fails to address this half of the case in his response. Moreover, he makes no attempt to explain how Section 21.15(b)(2)-(3)—a content-based regulation on speech, essentially a ban on publishing any photograph of a person in a bathroom—is narrowly tailored to advance a compelling state interest, in particular as-applied to Michelle Evans' tweets of the innocuous hand-washing photograph. Why must Garza continue to hold a pending investigation, and continue to hold Evan's seized cell phone, over her tweet of the innocuous photograph of a politician washing his hands? Garza makes no

1

effort to explain himself, or why Texas's content-based law promotes a compelling state interest in a narrowly-tailored manner.

Accordingly, Evans is entitled to preliminary injunctive relief.

## Argument

I. *Evans Seeks to Enjoin Garza's Enforcement of Tex. Pen. Code § 21.15(b)(2)-(3) With Regard to Her Future Speech.*

Garza claims that Evans lacks Article III standing. *See* Appellee's Br. at pg 20-21. However, Evans' claims of constitutional injury present "a substantial threat that irreparable injury would result if the preliminary injunction [does] not issue." *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 623 (5th Cir. 1985). The "[l]oss of First Amendment freedoms, even for minimal periods of time, constitute[s] irreparable injury." *Ingebretsen v. Jackson Pub. Sch. Dist.*, 88 F.3d 274, 280 (5th Cir. 1996) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). "[I]t is not so much the magnitude but the irreparability that counts for purposes of a preliminary injunction." *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) (citing *Canal Auth. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)).

By enforcing Tex. Pen. Code § 21.15(b)(2)-(3), Garza burdens Evans' constitutional rights under the First Amendment and "there are no legal remedies available that would adequately compensate [her]." There is no way to calculate the value of such a constitutional deprivation." *Walters v. Reno*, 145 F.3d 1032, 1048 (9th Cir.1998). Therefore, the only adequate remedy available to Evans is an injunction. *See Ne. Fla. Chapter of the Assoc. of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) ("chilled free speech . . . could not be compensated by monetary damages"), *rev'd on other grounds*, 508 U.S. 656 (1993).

Evans is currently abstaining from speech protected by the First because of the statute and Garza's investigation of her past tweet of the photograph. ROA.41. Accordingly, by chilling Evans' future speech—republication of the innocuous photo—Garza is violating Evans' First Amendment rights.

## II. Garza's Enforcement of § 21.15(b)(2)-(3) is the Source of the Harm to Evans' Rights.

Garza seems confused as to the connection between his investigation of Evans' past tweet and her future (chilled) speech. Garza's pending investigation is not the source of Evans' injury. The source is Texas's content-based speech restriction, which, as District Attorney, Garza is charged with

3

enforcing. Garza's investigation is proof that he would enforce Section 21.15(b)(2)-(3) against Evans' desired speech if given the opportunity.

Here there is an existing photograph. ROA.6. It depicts a transgender male politician washing his hands at the sink in the ladies' room at the Capitol. ROA.6. Garza maintains a pending investigation into whether a tweet of that photo (after it was initially posted to the internet by a third party) is a state jail felony. ROA.75.[1] Accordingly, Evans fears further potential criminal liability if she takes any other action to publish the innocuous photograph. ROA.41. Accordingly, she has a reasonable fear of prosecution under Tex. Pen. Code § 21.15(b)(2)-(3) that is currently chilling her speech. ROA.41.

Accordingly, Evans is entitled to preliminary injunctive relief to protect her from being prosecuted for further publication of the innocuous hand-washing photograph.

---

[1] On this point, Garza seems more confused than usual. He asserts on page 19 of his Appellee's Brief that Evans "contends that no investigation is pending . . . ." But Evans has repeatedly alleged there is a pending "investigation." *See* Appellant's Brief Pg 1; ¶1 ("Travis County District Attorney José Garza . . . maintains a pending investigation . . . ."). Garza is possibly confused between the existence of a pending *investigation* and a pending *judicial proceeding.* Here, Garza plainly admits he maintains a pending investigation into Evans' tweet, that may resume if this case ends. ROA.75. He also plainly admits that he has not initiated a judicial proceeding. ROA.75.

### III. The District Court's Reliance on Long-Rejected Federalism Rationales Does Not Justify Its Decision.

Garza argues the District Court did not rely "solely" on the *Younger* abstention doctrine, and therefore its discussion of boarder equitable principles justifies the court's denial of injunctive relief. *See* Appellee's Br. at Pg. 11-13. But the trial court did not apply ordinary equitable principles to Evans' largely traditional First Amendment claims. Instead, the court gave undue deference to Garza's position as prosecutor citing principles of federalism. ROA.48. That federalism rationale was rejected 115 years ago in *Ex parte Young*, 209 U. S. 123 (1908). Since then, litigants have been permitted to seek a negative injunction against state officials to prevent them from bringing actions to enforce state laws that are contrary to federal law. "The negative injunction remedy against state officials countenanced in *Ex parte Young* is a 'standard tool of equity' . . . . " *Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 540 (2021) (Thomas, J., concurring in part, dissenting in part) (quoting J. Harrison, Ex Parte *Young*, 60 Stan. L. Rev. 989, 990 (2008)).

Accordingly, the equitable principles cited by Garza are more than a century out-of-date. These do not justify the court's decision, and despite

Garza's protestations to the contrary, constitute an abuse of discretion based on legal error.

### IV.     Tex. Pen. Code § 21.15(b)(2)-(3) is Presumptively Unconstitutional.

TEX. PEN. CODE § 21.15(b)(2)-(3) is a content-based restriction on speech and accordingly, strict scrutiny applies. A law is "content based if [it] applies to particular speech because of the topic discussed or the idea or message expressed." *Reed v. Town of Gilbert,* 576 U.S. 155, 163 (2014). Thus, because TEX. PEN. CODE § 21.15(b)(2)-(3) requires the government to evaluate publications based on their content, such as whether the image is of a person in a bathroom, it is a content-based restriction on speech, and it must face strict scrutiny.

"Laws subject to strict scrutiny are presumptively unconstitutional," *Susan B. Anthony List v. Driehaus*, 814 F.3d 466, 473 (6th Cir. 2016), and the state must demonstrate that its speech prohibition is narrowly tailored to advancing a compelling state interest, and that there is no less restrictive alternative. *See McCullen v. Coakley*, 573 U.S. 464, 478 (2014) (requiring that restriction be "the least restrictive means of achieving a compelling state interest"); *United States v. Playboy Entm't Grp.*, 529 U.S. 803, 813 (2000)

(requiring that restriction "be narrowly tailored to promote a compelling Government interest").

Tex. Pen. Code § 21.15(b)(2)-(3) is content-based, as it applies to visual images of a certain type—those portraying a person in a bathroom. The law states:

> (b) A person commits an offense if, without the other person's consent and with intent to invade the privacy of the other person, the person:
>
> . . .
>
> (2) photographs or by videotape or other electronic means records, broadcasts, or transmits **a visual image of another in a bathroom** or changing room; or
>
> (3) knowing the character and content of the photograph, recording, broadcast, or transmission, promotes a photograph, recording, broadcast, or transmission described by Subdivision (1) or (2).

Tex. Pen. Code § 21.15(b)(2)-(3) (emphasis added).

Unlike Tex. Pen. Code § 21.15(b)(1), which is not being challenged here and pertains to "a visual image of an intimate area" (defined as the naked or clothed genitals, pubic area, anus, buttocks, or female breast of a person), subsections (b)(2)-(3) pertain broadly to a "visual image of another in a bathroom or changing room." While subsection (b)(1) only applies when a

7

person "has a reasonable expectation that [their] intimate area is not subject to public view," subsections (b)(2)-(3) contain no such limitation. Accordingly, subsections (b)(2)-(3) are broad criminal restrictions on speech, based on the content (the setting: a bathroom) of speech. Accordingly, the law is presumed unconstitutional unless Garza can show the law is narrowly tailored to accomplish a compelling purpose.

### V. *Garza Fails to Defend Section 21.15(b)(2)-(3).*

Despite having the burden to justify his enforcement of a content-based law, Garza has done nothing to defend the legitimacy of the law. Not on its face. And not as applied to Evans' desired future publications of the innocuous hand-washing photo. Indeed, Garza has never explained why he wants to investigate and prosecute Evans for her tweet.

Under Texas law, "substantial privacy interests are invaded in an intolerable manner when a person is photographed without consent in a private place, such as the home, or with respect to an area of the person that is not exposed to the general public, such as up a skirt." *Ex parte Thompson*, 442 S.W.3d 325, 348 (Tex. Crim. App. 2014). Here, Section 21.15(b)(2)-(3) is not limited to private places but rather applies to any photograph or video of a

person in a bathroom, regardless of the subject's reasonable expectation of privacy.² Unlike subsection (b)(1), which limits its restrictions regarding a person's intimate areas to only those circumstances where a person has a reasonable expectation that the intimate area is not subject to public view, subsections (b)(2)-(3) apply to any visual depiction of a person in a bathroom, even if the person is not in a private area of the bathroom and knows they are subject to public view.

Garza fails to explain how Section 21.15(b)(2)-(3) or his application of it to the innocuous hand-washing photograph is "narrowly tailored to promote a compelling Government interest." *Playboy Entm't Grp.*, 529 U.S. at 813.

Indeed, demonstrating the overbreadth of Section 21.15(b)(2)-(3), Evans is not even permitted to publish the hand-washing photograph as part of this legal proceeding.³ Accordingly, Evans has been required to describe the

---

² To the extent the lead-in phrase "with intent to invade the privacy of the other person . . . ," is read to limit the scope of TEX. PEN. CODE 21.15(b)(2)-(3), it is unclear what effect it has. Garza has offered no explanation. Accordingly, this supports the conclusion the law is vague in addition to being overbroad.

³ In contrast, TEX. PEN. CODE § 21.16 regarding "unlawful disclosure or promotion of intimate visual material" provides an affirmative defense for "disclosure or promotion . . . made in the course of" . . . "a legal proceeding, if the disclosure or promotion is permitted or required by law."

photograph for the Court, without the ability to actually show the Court a copy of the photograph at issue without risking further prosecution.

### *VI.   This Court Should Render a Preliminary Injunction.*

Consistent with this Court's decision in *McDonald v. Longley*, this Court can and should render a preliminary injunction. 4 F.4th 229, 255 (5th Cir. 2021). Evans' entitlement to injunctive relief is clear, and rendering an injunction is the only way to ensure she does not suffer further harm to her First Amendment rights.

Evans is currently being silenced by the threat of a prosecution. ROA.41. She is unable to communicate the photograph at issue in relation to Nova Martin's political campaign or regarding the ongoing controversy over men in the ladies' room at the Texas Capitol. ROA.41.

Indeed, as this case (like all cases) is a matter of concern to the public and the legal community, this lends support to the idea that publication of the photograph is a matter of public concern. A casual observer of this case would be justified in asking, "I wonder what the photo actually looks like?" Absent some compelling reason to keep the photograph from the public, the fact that Evans must risk state jail felony prosecution if she publishes the photograph

at the center of this appeal, shows there is a First Amendment harm in continued enforcement of Section 21.15(b)(2)-(3) as applied to the photograph of Nova Martin washing his hands at the sink in the ladies' room of the Texas Capitol.

And if Evans is entitled to prospective relief, then why not put an end to the investigation for her past speech? Garza makes no effort to justify the law or his actions. Why should the courts defer to his lack of a defense of his enforcement of a content-based law restricting speech? This court should order an end to Garza's investigation of Evans' tweet.

## Conclusion and Prayer for Relief

Accordingly, Plaintiff-Appellant Michelle Evans prays this Court reverse the district court's order denying her motion for a preliminary injunction and render a preliminary injunction prohibiting Defendant-Appellee Garza from prosecuting Evans for her past or future publications of the Nova Martin hand washing photograph, or in the alternative remand this case with instructions that the district court enter a preliminary injunction, and for such further and other relief to which she may show herself justly entitled.

Respectfully submitted this 21st day of November 2023.

/s/ Tony K. McDonald
Tony K. McDonald
Texas Bar No. 24083477
tony@tonymcdonald.com
Connor L. Ellington
Texas Bar No. 24128592
The Law Offices of Tony McDonald
1501 Leander Dr. Suite B-2
Leander, TX 78641
Telephone: (512) 200-3608
Fax: (815) 550-1292

## Certificate of Service

In compliance with Fed. R. App. P. 31, 5th Cir. R. 31, and ECF Filing Standards, I certify that a PDF copy was served electronically when this brief was filed through the ECF system on all counsel of record.

In accordance with 5th Cir. R. 31.1 and ECF Filing Standards, I further certify that seven copies of this brief will be filed without a cover letter within five days of its ECF filing with the clerk of the Court by first-class United States mail.

/s/ Tony K McDonald
Tony K McDonald
Counsel for Plaintiff-Appellant

## Certificate of Compliance

This brief complies with Rule 32(a)(7)(B) because it contains 2,262 words, excluding the parts that can be excluded. This brief also complies with Rule 32(a)(5)-(6) because it has been prepared in a proportionally spaced face using Microsoft Word for Mac in 14-point Century Supra font.

<u>/s/ Tony K McDonald</u>
Tony K McDonald
Counsel for Plaintiff-Appellant