No. 23-50541

# United States Court of Appeals
## for the Fifth Circuit

MICHELLE EVANS,

*Plaintiff-Appellant,*

v.

JOSÉ GARZA, IN HIS OFFICIAL CAPACITY
AS TRAVIS COUNTY DISTRICT ATTORNEY,

*Defendant-Appellee.*

On Appeal from the United States District Court
for the Western District of Texas
Case No. 1:23-CV-00727-RP; Hon. Robert L. Pitman

**APPELLANT'S OPPOSED MOTION TO VACATE PANEL DECISION AS MOOT**


Tony K. McDonald
Connor L. Ellington
THE LAW OFFICES OF
TONY MCDONALD
1308 Ranchers Legacy Trail
Fort Worth, TX 76126
Telephone: (512) 200-3608
Facsimile: (815) 550-1292
tony@tonymcdonald.com

Gene C. Schaerr
*Lead Counsel*
Edward H. Trent
John D. Greil
Justin A. Miller
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
Facsimile: (202) 776-0136
gschaerr@schaerr-jaffe.com

*Counsel for Appellant*

## CERTIFICATE OF INTERESTED PERSONS

No. 23-50541
*Evans v. Garza*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made so the judges of this court may evaluate possible disqualification or recusal.

| | |
|---|---|
| Plaintiff-Appellant: | Michelle Evans |
| Counsel for Plaintiff-Appellant: | SCHAERR \| JAFFE LLP<br>Gene C. Schaerr (gschaerr@schaerr-jaffe.com)<br>Edward H. Trent (etrent@schaerr-jaffe.com)<br>John D. Greil (jgreil@schaerr-jaffe.com)<br>Justin A. Miller (jmiller@schaerr-jaffe.com)<br><br>THE LAW OFFICES OF TONY MCDONALD<br>Tony McDonald (tony@tonymcdonald.com)<br>Connor Ellington (connor@tonymcdonald.com) |
| Defendant-Appellee: | Jose Garza, in his official capacity<br>as Travis County District Attorney |
| Current and former Counsel for Defendant-Appellee: | TRAVIS COUNTY ATTORNEY'S OFFICE<br>Elaine Casas (elaine.casas@traviscountytx.gov) |

Susan Naranjo-Padron
(Susana.naranjo-padron@traviscountytx.gov)
Delia Garza (delia.garza@traviscountytx.gov)
Anthony J. Nelson (tony.nelson@traviscountytx.gov)
Amy S. Ybarra (amy.ybarra@traviscountytx.gov)
Cynthia W. Veidt (Cynthia.veidt@traviscountytx.gov)
Leslie W. Dippel (Leslie.dippel@traviscountytx.gov)
Sameer S. Birring (Sameer.birring@traviscountytx.gov)

Other interested entity: Travis County, Texas

*/s/ Gene C. Schaerr*
Gene C. Schaerr

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........................................ i

TABLE OF AUTHORITIES ........................................................................ iv

INTRODUCTION ........................................................................................ 1

FACTS ........................................................................................................ 3

ARGUMENT ............................................................................................... 5

I. Garza Ended the Original Investigation and Prosecution Threat While Evans Pursued Review. ........................................ 6

II. Vacatur Would Prevent an Unreviewable Decision From Binding Future Cases. ................................................................ 9

CONCLUSION ......................................................................................... 11

CERTIFICATE OF COMPLIANCE ........................................................ 13

CERTIFICATE OF CONFERENCE ....................................................... 14

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Azar v. Garza*,
584 U.S. 726 (2018) ........ 8, 9

*Camreta v. Greene*,
563 U.S. 692 (2011) ........ 9

*Google, Inc. v. Hood*,
822 F.3d 212 (5th Cir. 2016) ........ 11

*Guillemard-Ginorio v. Contreras-Gómez*,
585 F.3d 508 (1st Cir. 2009) ........ 11

*Smith v. Daily Mail Publ'g Co.*,
443 U.S. 97 (1979) ........ 10

*Tex. Ass'n of Bus. v. Earle*,
388 F.3d 515 (5th Cir. 2004) ........ 11

*U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*,
513 U.S. 18 (1994) ........ 2, 5, 6, 8, 9, 10

*United States v. Caraway*,
483 F.2d 215 (5th Cir. 1973) ........ 11

*United States v. Munsingwear, Inc.*,
340 U.S. 36 (1950) ........ 2, 5, 9

**Statutes**

28 U.S.C. § 2106 ........ 9, 11

Tex. Penal Code § 21.15 ........ 3, 6, 7

**Other Authority**

Enrolled Text and Modifications, 89(R) HB 1465 (2025) ........ 3

## INTRODUCTION

Appellant Michelle Evans moves to vacate the panel decision (Dkt. 56-1) as moot—and to stay the issuance of the mandate pending the Court's resolution of this motion. The panel decision affirmed the district court's denial of a preliminary injunction barring Appellee José Garza, the Travis County District Attorney, from prosecuting her for political speech—specifically, a photograph that appeared on social media during a 2023 legislative debate at the Texas Capitol. The panel decision allowed that prosecution to proceed.

But Garza abandoned that investigation and threatened prosecution during the pendency of—and in response to—Evans' petition for rehearing en banc. While that petition was pending, Garza announced that his office no longer intended to prosecute her and would arrange to release her phone. Dkt. 106 at 1. He later conceded that the investigation had been dismissed and the limitations period had expired—although he had not volunteered this information previously during the appeal. Dkt. 116 at 1. Judge Oldham's dissent from the denial of rehearing identified the resulting problem: The panel opinion remains intact despite Garza's assurance of mootness. Dkt. 119-1 at 15.

Because Garza has dismissed the investigation and conceded that the limitations period has expired, the original 2023 republication can no longer support a prosecution. That development eliminates the original prosecution threat, but not necessarily the entire controversy. Evans also sought protection against possible future republications. And under the panel opinion, Garza may still prosecute her if she republishes the photograph. She seeks vacatur only because Garza ended the original investigation. If Garza's actions have foreclosed further review of the case, then equity favors vacatur under *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–41 (1950), and *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 23–25 (1994).

Counsel for Appellant has contacted counsel for Garza who stated that he opposes this motion.

## FACTS

Evans challenges Texas Penal Code § 21.15 under the First Amendment. At the time of her 2023 post,[1] the statute made it a state-jail felony to transmit or promote an image showing another person in a "bathroom or changing room" without that person's consent and with intent to invade his or her privacy. Dkt. 56-1 at 2–3.

In May 2023, Evans reposted a photograph on X and added political commentary. The photograph showed a political candidate washing his hands at a sink in a women's restroom during a legislative debate at the Texas Capitol. Dkt. 56-1 at 2. Garza directed the Department of Public Safety to investigate whether Evans had violated Section 21.15(b) and seize her phone. But Garza did not charge her. Dkt. 56-1 at 3.

Evans sued to challenge Section 21.15(b)(2)–(3), both on its face and as applied to her past and future republications of the photograph. Dkt. 56-1 at 3–4. The district court denied her motions for a temporary

[1] The Legislature amended subsection (b)(2) in 2025, by expanding the list of proscribed locations; those amendments do not impact the viability of a prosecution for Evans's speech. *See* Enrolled Text and Modifications, 89(R) HB 1465 (2025), https://tinyurl.com/2rkbwtwy.

restraining order and a preliminary injunction on June 30, 2023. ROA.44–50, ROA.52–53. Evans appealed.

On appeal, a divided panel affirmed, holding that the statute is content-based but likely to survive strict scrutiny at the preliminary-injunction stage. Dkt. 56-1 at 2. Judge Oldham dissented. Dkt. 56-1 at 13.

Evans timely petitioned for rehearing en banc on December 23, 2025. Dkt. 65. While the petition was pending, this Court asked whether Evans's claims remained live. *Id.* Garza responded that his office "does not intend to prosecute" Evans and that "previously gathered evidence was not retained." And he stated that he would release Evans's phone. Dkt. 106 at 1; Dkt. 116 at 1. Evans responded that Garza's representations did not eliminate the ongoing constitutional controversy. She explained that Garza had not disavowed prosecuting her for "future publications of similar speech, republication of the censored speech from this case, or the chill on political speech caused by Garza's strategic ambiguity." Dkt. 111 at 3.

Garza replied that his office had dismissed the investigation and the limitations period had expired. He conceded that "the underlying incident cannot be prosecuted." Dkt. 116 at 1. Thus, while Evans

continues to maintain that future publication presents a live constitutional controversy, the parties agree that prosecution for the original incident can no longer proceed. But they dispute what follows. Garza claims the entire controversy is moot. Evans maintains that he may still prosecute her if she republishes the photograph.

That disagreement remained unresolved when this Court denied rehearing en banc by a 10–7 vote and over two dissenting opinions. Dkt. 119-1. Judge Oldham, joined by five judges, observed that the denial "did not vacate the panel opinion" and expressly invoked *Munsingwear*. Dkt. 119-1 at 15 (citing *Munsingwear*, 340 U.S. at 39–41).

**ARGUMENT**

Vacatur ordinarily protects a party who loses the opportunity for further review through circumstances beyond that party's control. *See Munsingwear*, 340 U.S. at 39–41. And "vacatur must be granted where mootness results from the unilateral action of the party who prevailed in the lower court." *U.S. Bancorp*, 513 U.S. at 23.

Here, Garza dismissed the investigation and allowed the limitations period to expire—without any voluntary act by Evans.

Accordingly, equity favors vacatur if the Court determines that the appeal is moot. *Id.* at 21–22.

## I. Garza Ended the Original Investigation and Prosecution Threat While Evans Pursued Review.

When officials can no longer engage in challenged conduct, an injunction can provide no relief. That has happened here. Evans sought a preliminary injunction to prevent her prosecution under Section 21.15(b) for republishing the photograph at issue. Dkt. 56-1 at 3–4. That request encompassed both her original publication and possible future republications. *Id.* But Garza has now dismissed that matter and represented that the limitations period has run. Thus, "the underlying incident cannot be prosecuted." Dkt. 116 at 1. Garza also said that he would return Evans's confiscated phone. Dkt. 106 at 1. A preliminary injunction against a dismissed and time-barred prosecution would accomplish nothing.[2]

[2] The end of that prosecution, however, does not necessarily end Evans's constitutional challenge. Evans does not concede that her broader facial and as-applied challenge to Section 21.15(b)—including the continuing chill on her future speech—is moot. Dkt. 111 at 1–3. She expressly preserves that controversy.

The preliminary injunction Evans requested would have barred Garza from enforcing Section 21.15(b) against her for disseminating the photograph, including her original 2023 post and future republication. Dkt. 56-1 at 3–4. The panel therefore considered whether Evans had shown that the district court should preliminarily bar Garza from enforcing the statute. Dkt. 56-1 at 2. Garza can no longer prosecute the original incident. Dkt. 116 at 1. The panel considered whether Evans was entitled to preliminary relief against Garza. But its ruling can no longer affect whether he may prosecute her for the original post.

If those developments have mooted the interlocutory appeal—as the Court appears to have concluded—the next question is who caused that result. It was Garza. He dismissed the investigation, and the limitations period expired. Evans caused neither development. Instead, she pursued appellate review. She petitioned for rehearing en banc, moved to stay the mandate, and plans to petition the Supreme Court. Garza, meanwhile, obtained a favorable published decision and continued defending it during the en banc proceedings. But he then stated that the prosecution underlying the litigation could no longer proceed. Dkt. 106 at 1; Dkt. 116 at 1. If those developments have mooted

the interlocutory appeal, Garza should not retain the panel decision's precedential benefit. He, not Evans, foreclosed further review.

That distinction—who caused the loss of further review—governs the equitable inquiry. Because the practice "is rooted in equity," courts decide whether to vacate based on a particular case's "conditions and circumstances." *Azar v. Garza*, 584 U.S. 726, 729 (2018). "The principal condition to which" this Court should look "is whether the party seeking relief from the judgment below caused the mootness by voluntary action." *U.S. Bancorp*, 513 U.S. at 23–25.

Evans did not cause the mootness apparently found by the en banc court. And she—who "seeks [to] review" an adverse ruling's merits, "but is frustrated by the vagaries of circumstance"—"ought not in fairness be forced to acquiesce in the judgment." *Id.* at 25. Instead, she has consistently sought to overturn the panel decision. During that time, Garza unilaterally changed his position, asserted that the investigation had ended, and that the controversy was moot. If the Court accepts that position, it should also remove the precedential benefit Garza obtained by frustrating Evans from seeking further review.

## II. Vacatur Would Prevent an Unreviewable Decision From Binding Future Cases.

The equitable rule thus points to a specific remedy: vacatur. If the interlocutory appeal is moot, the Court should vacate the panel decision because Evans did not voluntarily cause the loss of further review. This Court "may … vacate" a court's judgment and may "require such further proceedings to be had as may be just under the circumstances." 28 U.S.C. § 2106; *see U.S. Bancorp*, 513 U.S. at 21. Vacatur is the "established practice" when a civil case "become[s] moot while on its way" to further review. *Munsingwear*, 340 U.S. at 39; *Camreta v. Greene*, 563 U.S. 692, 712–13 (2011). Vacatur "clears the path" for relitigating future "issues between the parties and eliminates a judgment" whose "review … was prevented through happenstance." *Munsingwear*, 340 U.S. at 40. And vacatur is especially appropriate where, as here, the mootness results from the prevailing party's action or from happenstance rather than the losing party's choice. *Azar*, 584 U.S. at 729; *U.S. Bancorp*, 513 U.S. at 25.

Vacatur would protect more than Evans's interests. If this Court leaves the panel decision intact, that unreviewed decision will continue to bind future panels on important constitutional questions. *See Munsingwear*, 340 U.S. at 41. That would disserve the public interest,

not merely Evans's. The Supreme Court's *Munsingwear* decision "establishes that the public interest is best served by granting relief when … 'orderly procedure' … cannot be honored." *U.S. Bancorp*, 513 U.S. at 27. And here, mootness has cut off Evans's path to review.

Those consequences are especially significant here because the panel decision concerns political speech and a content-based criminal statute. The decision resolved a divisive First Amendment question that drew a 10–7 en banc division and two dissents. Dkt. 119-1 at 1–2. The panel declined to enjoin Garza from enforcing that statute even though Garza threatened to prosecute Evans for republishing a truthful photograph with political commentary. That holding implicates the Supreme Court's protections for lawfully obtained truthful information on publicly significant matters. *See Smith v. Daily Mail Publ'g Co.*, 443 U.S. 97, 103 (1979).

The panel also imported the "values that underly *Younger*" into the preliminary-injunction analysis to deny relief. Dkt. 56-1 at 4–5. The panel thus took the wrong side of an acknowledged split over whether courts may abstain when officials have begun investigating but have not initiated state proceedings. *See Guillemard-Ginorio v. Contreras-Gómez*,

585 F.3d 508, 519 n.16 (1st Cir. 2009) (recognizing that "the Circuits are in fact split" on when a criminal investigation ripens into a *Younger* "proceeding"); *Google, Inc. v. Hood*, 822 F.3d 212, 223 (5th Cir. 2016); *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 520–21 (5th Cir. 2004). *Munsingwear* counsels vacatur rather than allowing mootness to shield the panel's ruling from review while it remains binding precedent.

The mandate is scheduled to issue on October 26, 2026. Dkt. 128. Before it issues, this Court may vacate the panel decision. *See* 28 U.S.C. § 2106; *United States v. Caraway*, 483 F.2d 215, 216 (5th Cir. 1973) (en banc). When this Court denied rehearing en banc, Judge Oldham flagged precisely this course. He observed that the denial "did not vacate the panel opinion" and invoked *Munsingwear*. Dkt. 119-1 at 15.

The Court should take that course and vacate the panel decision.

## CONCLUSION

The Court should vacate the panel decision under *Munsingwear*, and withhold issuance of the mandate until it resolves this motion. Evans sought further review of that decision, and Garza unilaterally prevented that review. Equity demands vacatur.

October 23, 2026 Respectfully submitted,

*/s/Gene C. Schaerr*
Gene C. Schaerr
*Lead Counsel*
Edward H. Trent
John D. Greil
Justin A. Miller
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
Facsimile: (202) 776-0136
gschaerr@schaerr-jaffe.com

Tony McDonald
Connor Ellington
THE LAW OFFICES OF
TONY MCDONALD
1308 Ranchers Legacy Trail
Fort Worth, TX 76126
Telephone: (512) 200-3608
tony@tonymcdonald.com

*Counsel for Appellant*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation set forth in Federal Rule of Appellate Procedure 27(d)(2) and 5th Cir. R. 27.4 because it contains 2,048 words, excluding the parts exempted by Rule 32(f) and 5th Cir. R. 32.2.

This motion also complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and 5th Cir. R. 32.1 and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word Office 365 in 14-point Century Schoolbook font.

Dated: October 23, 2026

*/s/ Gene C. Schaerr*
Gene C. Schaerr

## CERTIFICATE OF CONFERENCE

Under Fifth Circuit Rule 27.4, I certify that counsel for Appellant has conferred with counsel for the Appellee regarding the relief sought in this motion. Counsel for Appellee stated that the relief sought in this motion is opposed and Appellant anticipates that Appellee will file an opposition.

October 23, 2026

*/s/ Gene C. Schaerr*
Gene C. Schaerr

*Counsel for Appellant*